## In 're LEVINSON.

## ROSENBERG v. GREENE.

(Circuit Court of Appeals, Ninth Circuit. June 2, 1924.)

### No. 4200.

Vendor and purchaser ⊕172, 196—Tender by optionee necessary to stop interest; tender necessary to acquire right to rents and profits.

The grantee of an option to purchase real estate, which was in litigation when the option expired, so that the grantor could not make title, is not relieved from payment of interest in accordance with the contract, nor entitled to rents and profits of the property, during the time of delay in completing the purchase, where the purchase money was not tendered.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of Joseph Levinson, bankrupt; William A. Greene, trustee. Ella S. Rosenberg appeals from an order of the District Court. Affirmed.

For opinion below, see 295 Fed. 144. See, also, 297 Fed. 490.

Walter B. Allen, of Seattle, Wash., for appellant.

McClure & McClure and C. L. Henry, all of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On February 27, 1919, the Manhattan Investment Company granted to Ella S. Rosenberg an option to purchase certain lots in the city of Seattle for the consideration of $140,-000; $40,000 was paid on the date of the option agreement, and the remaining $100,000, with interest at the rate of 6 per cent. per annum, was payable on the exercise of the option at any time within four years. At the time the option was granted, Joseph Levinson and wife were the owners of the capital stock of the investment company. On June 27, 1919, Joseph Levinson was adjudged a bankrupt, and thereafter William A. Greene was appointed trustee in bankruptcy of his estate. On September 17, 1920, the trustee commenced an action in the superior court of King county, Wash., against the Investment Company and the wife of the bankrupt, to recover certain sums of money, and the capital stock in the investment company. Trial was had, an appeal taken, and on May 24, 1923, final judgment was entered in the superior

court, pursuant to the remittitur from the Supreme Court of the state, wherein it was adjudged and decreed, among other things, that the lots in question were the community property of Levinson and wife; that title thereto vested in the trustee in bankruptcy as of June 27, 1919, the date of adjudication; and that the investment company convey to the trustee by quitclaim deed in the statutory form. On October 4, 1922, while the litigation in the state court was still pending, Mrs. Rosenberg addressed a letter to the trustee, stating that she was informed by her attorney that the trustee was anxious that she should not exercise her option to purchase the property pending the litigation in the state court, and that, inasmuch as that litigation incumbered the title, "therefore, if I exercise my option, I shall not do so until the termination of that litigation."

On February 26, 1923, after the decision of the Supreme Court, but before final judgment in the superior court, the attorney for Mrs. Rosenberg addressed a letter to the trustee, stating that his client was very anxious to exercise her option, and suggesting that they obtain an order from the Supreme Court instructing the clerk to deliver a deed to Mrs. Rosenberg and allow the money to take the place of the property. This suggestion was not acquiesced in by the trustee, and thereafter, on March 19, 1923, a petition was filed in the Supreme Court, by the appellant here, praying that she be authorized to pay into the registry of the clerk of the superior court of King county the balance due under the option agreement in accordance with its terms; that the money so paid be held by the clerk of the court in lieu of the property and that the title to the property upon such payment become vested in her, free and clear of any and all claims of any party to the action there pending, or by their successors in interest. April 3, 1923, the Supreme Court declined to assume jurisdiction in the matter, but without prejudice to the right of the petitioner to maintain any proper proceeding in the superior court, and permission to institute any such proceeding was granted.

On the 5th day of April, 1923, Mrs. Rosenberg commenced an action in the superior court of King county against the investment company and Greene, as trustee, asking for specific performance of the option agreement, or, in the alternative, for the repayment of the sum of $40,000, paid on account thereof, with interest, in the event that the defendants were unable to give a clear title to the property. This complaint was moved against, but, so far as the record discloses, no further action was taken. Thereafter a petition was filed in the bankruptcy court by Mrs. Rosenberg praying that the trustee be directed to execute a deed to the property, upon payment of the amount due under the contract of September 17, 1920, according to its terms, less the gross amount of the income from said property from said date. A trial was had upon this petition, and upon final hearing the court entered a decree directing the trustee to execute a deed of conveyance to the petitioner upon the payment of the sum of $100,000, with interest at the rate of 6 per cent. per annum from February 27, 1919, to February 27, 1923, and interest at the like rate from May 24, 1923, until the date of final payment; that such payment be made within 10 days, and that, if not so made, the petitioner should forfeit all right, title, and in-

terest in the property under the option agreement. From this latter order the petitioner has appealed, claiming that she was entitled to credit for certain rents and profits, and to an abatement of a portion of the interest.

The option agreement imposed no obligation upon the appellant and conferred no rights, except the mere right to purchase according to its terms. A tender of payment of the purchase price would no doubt stop the running of interest, and would perhaps entitle the appellant to the rents and profits thereafter accruing, but until the purchase price was paid or tendered she acquired no rights in the property or its income, and is in no position to resist the payment of interest according to the terms of her contract. It cannot be seriously contended that there has been a valid tender, even up to the present moment, as the appellant still claims the right to withdraw from the contract unless a satisfactory conveyance is tendered, or for any other reason that may appeal to her. The claim here advanced would seem a mere afterthought, as no such claim was made in the petition filed in the supreme court, or in the action subsequently commenced in the superior court. For these reasons, the court below granted to the appellant the utmost relief to which she was entitled, when it relieved her from the payment of interest from February 27 to May 24.

Decree affirmed.